IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GIULIANO MIGUEL GUTIERREZ  §
ZAPPATERRA,                §
    Petitioner,           §
                           §
                           §            EP-26-CV-00122-DB
v.                         §
                           §
                           §
WARDEN, *ERO El Paso Camp East*  §
*Montana, et al.*,         §
    Respondents.          §

## <u>ORDER</u>

On this day, the Court considered the above captioned case. On January 22, 2026, Petitioner Giuliano Miguel Gutierrez Zappaterra filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is a dual national of Venezuela and Italy, who was admitted to the United States under the Visa Waiver Program ("VWP"). ECF No. 13 at 1. Petitioner asserts, among other things, that his detention violates the Immigration and Nationality Act ("INA") because he was granted Temporary Protected Status ("TPS"), which he claims is valid through October 2, 2026. ECF No. 1 at 5, 11. Respondents, on the other hand, argue Petitioner is properly detained under 8 U.S.C. §§ 1187 and 1231(a)(6) because Petitioner is subject to subject to a final administrative removal order. ECF No. 7 at 3–7; *see also* ECF No. 7–1.

On May 21, 2026, Respondents filed an "Opposed Motion to Lift Temporary Restraining Order" ("Motion"), ECF No. 12. Therein, Respondents ask the Court to lift Petitioner's stay of removal because an immigration judge ordered petitioner removed to Italy and "ERO cannot request travel documents [from the Italian government] until the Petitioner has an itinerary, and such itinerary cannot be obtained until the Court removes its [stay of removal]." ECF No. 12 at 1–

2. However, before the Court can consider lifting Petitioner's stay of removal, or the merits of the Petition, further clarification is needed.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL FILE** a supplemental notice, by **no later than June 4, 2026**, directly answering the following:

1. Does Petitioner have a pending asylum application?

2. If not, does Petitioner intend to apply for asylum?

3. Did U.S. Citizen and Immigration Services ("USCIS") approve Petitioner's most recent TPS renewal application?

4. If yes, did Petitioner receive an I-797 Notice of Action confirming his renewal application was granted?

**IT IS FURTHER ORDERED** that, if Question 4 is answered in the affirmative, Petitioner **SHALL INCLUDE** a copy of his most recent I-797 Notice of Action as an attachment to the supplemental notice.

**SIGNED** this **28th** day of **May 2026**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE